WILHELM RADKE *vs.* WINONA & ST. PETER RAILROAD COMPANY.

## November 21, 1889.

Former decision in this case (39 Minn. 262) adhered to.

On reargument. The original opinion will be found in the report of the case, 39 Minn. 262, (39 N. W. Rep. 624.)

*Wilson & Bowers,* for appellant.

*Lind & Hagberg,* for respondent.

GILFILLAN, C. J.   Conceding that the right of way granted by implication in the land-grant act of congress of March 3, 1857, extended to sections reserved as school lands, and that it was a grant *in præsenti,* still the defendant's right is not made out; for that grant was not to the corporation from which it claims title, but to the territory of Minnesota. And the defendant must show a grant to its predecessor, the Transit Company, by the territorial legislature, that operated as a grant *in præsenti* of the right of way over school sections. Two acts.

of the legislature are referred to, — one the act of May 22, 1857, which contains no express grant of right of way, but which, for the power and authority of the company, the grantee, refers to the act incorporating it, to wit, the act of March 3, 1855. That act contains an express grant of right of way. No grant can therefore be implied. The grant of right of way must be taken upon the terms and with the limitations and conditions imposed by the act making it, to wit, the act of 1855. If a grant *in præsenti* of a right of way over school lands is not to be found in that act, then the Transit Company never acquired any right of way taking effect as of the date of the act. It was this which made it necessary for the court, in its decision of the case, to construe that act so far as relates to the point, and for the opinion to devote so much space to it. We see no reason for departing from our interpretation of the act as expressed in that opinion. Under that interpretation, whatever may be the effect of the act of congress, the defendant could not recover. In the *Coleman Case, (Coleman* v. *St. Paul, M. & M. Ry. Co.,)* 38 Minn. 260, (36 N. W. Rep. 638,) relied on by appellant, it was necessary for the court to construe only the congressional grant. It was not doubted that the legislature of the territory passed to the predecessor of the defendant in that case all the rights granted to the territory by the act of congress. We adhere to our former decision.